**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| v. | : | CASE NO.: 7:19-CR-57 (WLS-TQL-6) |
| | : | |
| JERRA CARTER, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**<u>ORDER</u>**

On December 15, 2022, this Court held a hearing on the Government's Amended Petition to revoke Defendant, Jerra Carter's, term of supervised release (hereinafter "Petition"), which was filed on September 16, 2022. (Doc. 324.)

Defendant Carter originally pled guilty to a one (1) count Indictment (Doc. 1) on December 16, 2020, which charged Defendant with Conspiracy to Commit Bank Fraud. (Doc. 232.) Defendant Carter was sentenced on March 25, 2021, to eight (8) months imprisonment to be followed by three (3) years of supervised release. (Doc. 285.) Defendant Carter was also ordered to pay restitution in the amount of $19,597.17. (Doc. 285.) Defendant Carter's term of supervised release commenced on July 26, 2021. (Doc. 312.)

At the final revocation hearing on December 15, 2022, Carter's Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that he had reviewed it. The Court advised Defendant of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify (Defendant was also advised that he was not required to testify or present a defense)—all of which Defendant acknowledged

1

he understood. The Court also confirmed from Defendant that he had received the Amended Petition (Doc. 324) and Amended Revocation Report (Doc. 328) and reviewed them. Neither the Government nor the Defendant had objections to the Presentence Report. Defendant stated he had spoken to his counsel about the Petition and did not wish to have a hearing on, but wished to stipulate to, the Petition. The Petition contained ten (10) violations. Defendant admitted to all allegations included within the Amended Petition (Doc. 324) and stated that he had not been coerced into doing so.

Accordingly, the Court found that Defendant freely, knowingly, and voluntarily stipulated to the alleged violations of supervised release for the purposes of the revocation hearing outlined at Violation Numbers 1-10 of the Government's Petition. (Doc. 324.) As such, the Court found that Defendant had committed the alleged violations by a preponderance of the evidence and that Williams did violate the conditions of his supervised release.

The Court heard from the Government, defense counsel, and Defendant Carter, and then declared Defendant's supervised release revoked.[1] The Court took into consideration Defendant's U.S. Sentencing Guidelines range of 3 to 9 months, which was based on Defendant's Grade C violation and Criminal History Category of One. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Williams to nine (9) months imprisonment, to be followed by eighteen (18)

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 Fed. App'x 929, 931 (11th Cir. 2012 (quoting United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994)). "'This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).

months of supervised release.[2] The Court found this sentence appropriate to reflect the seriousness of Defendant's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and to protect the public.

For the aforementioned reasons, the Government's Petition (Doc. 324) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Accordingly, Defendant Carter is sentenced to nine (9) months of imprisonment followed by eighteen (18) month supervised release.

**SO ORDERED**, this 16th day of December, 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The Court notes for the purposes of the record that both Counsel for the Government and Defense Counsel requested that the Court not impose supervised release as part of its ultimate sentence in this case. The Court declined to follow that recommendation, however.

3